## INDUST COMM v JONES

Ohio Appeals, 5th Dist, Perry County

Decided November 17, 1931

R. R. Zurmehly, Columbus, for The Commission.

R. N. Larrimer, Columbus, Paul Tague and Vincent Tague, New Lexington, for Claimant.

SHERICK, PJ,

It is conceded that the record in this case shows that Jones received a very considerable injury and that such has permanently and totally disabled him. The Commission offered no testimony to controvert this fact, yet denied this to be true

in its answer, and this was the only issue in the case that properly should have been and was submitted to the jury.

The Commission however, claims that the Court erred as a matter of law in its failure to sustain its motion for a directed verdict upon the theory that the evidence showed that the claimant had not filed his application for a reconsideration with the Commission within thirty days from the date on which it had denied that the claimant was not permanently and totally disabled; and that therefore, The Court of Common Pleas had no jurisdiction in the matter because of the claimant's failure to comply with the requirement of the provision of §1465-90 GC to file his application for a rehearing within thirty days.

The question is, therefore dependent upon the fact as to whether or not the Commission denied the claimant the right to participate further in the State Insurance Fund on August 26th, or on September 5th, 1930.

It is recited in the petition "that on the 5th day of September, 1930, this cause came on for hearing before the Industrial Commission upon the motion for modification of plaintiff asking that he be declared permanently and totally disable" and the following order was made by The Commission: "That the Commission find that the claimant is not permanently and totally disabled. No basis for any further compensation at that time." Turning now to the Commissions' answer filed in reply thereto, we find the following averment, "Now come the defendant—and—admits—that on or about the 5th day of September, 1930, his claim was again before this defendant and action taken thereon as set forth in the plaintiff's petition."

Under this state of the pleadings we are of one mind in that this question was not an issuable fact in this case, for this date was then considered and admitted by the Commission to be true, and the Commission will not now be heard to say that its action was had on August 26th. To our notion it is a significant fact that the record of the proceedings of the Commission, that is Exhibit D. bears both dates, and the presumption must prevail that its final action on the application was not entered until the later date.

It is also striking that the Commission does not aver or attempt to make proof that notice of its claimed action of August 26th, was given; rather it is conceded that the only notice thereof was given sometime after September 5th. Turning now to the statute referred to, we find it recited, "the claimant may within thirty days after receipt of notice of such finding of the Commission file an application with the Commission for a re-hearing of his claim." The word "may" in this portion of the statute has repeatedly been held to mean "must." That is this provision is mandatory and jurisdictional if an injured employee desires to appeal from a finding of the Commission denying him the right to continue to participate in the State Insurance Fund. And it is equally significant that the statute makes this thirty day period begin to run, not of the date of the Commissions' finding, but of the date of "receipt of notice of such finding."

In view of the matter suggested it is our judgment that the trial court did have jurisdiction of this cause and this ground of error is not well taken.

The remaining ground of error assigned goes to the form of the verdict and the court's charge. It is urged that the court erred in saying to the jury that if they found that Jones was permanently and totally disabled that he was entitled to be compensated "from March 6th, 1930, and to continue for the balance of his life." The verdict as submitted and returned was in the same language. The part objected to is in that the court did not leave to the jury the date when compensation should begin, and that he thereby invaded the province of the jury.

We have carefully examined the record to see if it was a disputed fact that the claimant became permanently and totally disabled at a time other than the date of his injury, and our search convinces us that all the evidence offered on this phase of the case shows that the claimant has been permanently and totally disabled since the date of his injury. The Commission offered no evidence to the contrary except by cross examination, to show that it had sought to obtain employment for the claimant, which he was not able to perform. There being no dispute as to this fact, we feel that the court properly instructed the jury thereon and submitted the verdict as prepared. The claimant says in brief that the Commissions' Counsel prepared the verdict. This is not denied; and further we do not find that exception was taken to the form of the verdict and there being no exception, objection thereto must be considered as waived.

Finding no error prejudicial to the plaintiff in error, the judgment is affirmed.

LEMERT and MONTGOMERY, JJ, concur.